THE VICKSBURG WATERWORKS AND BANKING COMPANY vs.
W. H. WASHINGTON et al.

Where a body purporting to be corporate, institutes a suit, and the defendants plead non-assumpsit, verified by an affidavit, denying the corporate character of the plaintiff, the burden of proving its corporate existence, devolves upon the plaintiff.

By statute in this State, the plaintiff need not prove the "description of character" set forth in the declaration, unless it is denied by plea, attested by oath; the plea of non assumpsit, so attested, is not changed in character, but merely removes the exemption of the statute.

Where a demurrer to a plea is overruled, leave to amend and file replication should be granted.

The power of granting permission to amend pleadings is in the discretion of the court below exclusively, and however that permission may be exercised, it cannot be controlled by a superior tribunal.

IN error from the circuit court of Rankin county.

The plaintiffs in error, sued the defendants in error, in the ordinary action of assumpsit, upon a joint promissory note for fourteen thousand dollars, made by William H. Washington, William H. Shelton, Samuel M. Puckett, and Fairfax Washington.

The defendants appeared, and filed ten pleas, which were the subject of lengthy discussion in this court, but inasmuch as the court decided the case entirely upon the first plea, it is not deemed necessary to notice either the other pleadings, or the arguments of counsel with reference to them.

The first plea was in the following words:

"And the said defendants, William H. Washington, and Shelton & Puckett, by their attorney, come and defend the wrong and injury when, &c., and in answer say, that they did not undertake, or promise in manner and form, as said plaintiffs have thereof complained against them, and of this they put themselves on the country.

"WASHINGTON, Attorney for defendants."

" *The Vicksburg Waterworks & Banking Company* v. *Willlam H. Washington,* et al.

" Personally appeared in open court, William H. Shelton, one of the defendants in the above stated case, and makes oath that he verily believes the said plaintiff has not been, and is not now a corporation, according to the law of the land, and has not a right to sue and maintain actions as such. Sworn to, and subscribed in open court, this 8th December, 1840.

" JOHN TATE, Clerk."

To this plea there was a general demurrer by the plaintiff, which was overruled by the court below; upon which, and before the court had directed any judgment to be entered upon the demurrer, the plaintiffs, by their counsel, moved the court to permit them to file replications to said plea, but the court refused the permission.

During the progress of the argument on the demurrer, the plaintiffs' counsel asked leave to withdraw their demurrer, and reply to the plea, but the leave was refused, and judgment entered on the demurrer for the defendants; bills of exceptions were filed, and this writ of error prosecuted.

*Hughes*, for plaintiffs in error.

The first plea was one of *nul tiel* corporation; to this the demurrer was properly sustained. *Carmichael* v. *Trustees of School Land*, 3 Howard, 100.

*Howard*, for defendants in error.

1. The plea of *nul tiel* corporation, is a good plea, although there may be some New York cases to the contrary. 1 Mass. Rep. 483. 1 Peters, 450. 5 Vt. Rep. 93. 11 Ib. 306. 1 Saund. Rep. 340, n. 2.

There can be no doubt, that under our statute, requiring the plea denying the character of the party suing to be upon oath, that *nul tiel* corporotion is a good plea, if it were not so at common law. To hold the reverse, would be to deny to defendants the right to contest the existence of any corporation, under the

Vicksburg Waterworks & Banking Company *v.* Washington et al.

change in pleading which has been made by our legislature. H. & H. Dig. 598.

The judgment of the court, overruling a demurrer to a plea, is *nil capiat.* The court did not err in refusing leave to reply after the demurrer of the plaintiff had been overruled, inasmuch as it was a mere matter of discretion. Graham's Prac. 761.

*W. Yerger,* on same side.

This is an action of assumpsit, upon the note of the defendants to the plaintiff. The defendants pleaded ten pleas, and demurrers were filed to the second, fourth, fifth, sixth, seventh, and eighth pleas, which demurrers were overruled. After the overruling, but before any direction to enter the judgment, the plaintiff asked leave to withdraw his demurrer, and which leave was refused and judgment entered on the demurrer for defendants. An exception was taken to the order, refusing permission to amend. It is assigned for error, 1. The court should not have overruled the demurrer. 2. The court should have permitted the plaintiff to withdraw his demurrer and reply.

1. The court did not err in refusing to let the plaintiff amend. It was entirely discretionary with the court whether it would do so or not, and is no cause of error. How. & Hutch. Dig. 591. 1 Tidd's Practice, 709–10.

2. The first plea was one of *nul tiel* corporation.

This plea was the ancient mode by which the existence of a corporation was to be denied. It is true that some modern authorities have deemed it bad, as amounting to the general issue; others have held it good. Angell & Ames on Cor. 382. 1 Peters' Rep. 450. 1 Mass. Rep. 485. 5 Vermont Rep. 93. 11 Ib. 306.

But whether good or bad at common law, which, to say the least, admits of doubt, since our act of 1836, How. & Hutch. Dig. there seems to me no doubt but it is a proper plea.

A party dealing with a corporation, by its known or assumed name, is not estopped to deny its existence. 8 Wend. 480.

Mr. Justice CLAYTON delivered the opinion of the court.

This is a cause in which the merits are kept out of view, by the state of the pleadings.   It is an action of assumpsit, brought upon a promissory note payable to the plaintiffs, for $14000; a number of pleas were filed, some of which were demurred to, and replications put in to others.   It will not be necessary to notice these in detail, but only such of them as are material to the decision.

Amongst others, the defendants filed the plea of non-assumpsit, to which an affidavit in the due form was annexed, denying that the plaintiff is a corporation having power to sue.   To this plea there was a demurrer, which was overruled.   After the opinion of the court below had been given upon the demurrer, but before judgment upon it had been entered, the plaintiff applied for leave to withdraw the demurrer, and file a replication to this plea.   The court refused to grant the application, and gave a final judgment for the defendant, from which judgment the cause is brought by writ of error into this court.

Many of the pleas in the cause, are, no doubt, bad, but it is unnecessary to notice them, because if one of the pleas demur red to, be good, and be a bar to the whole declaration, that constitutes a sufficient defence, though there be many faulty ones. 1 Robin. Prac. 291.   *Harrison* v. *McIntosh*, 1 Johns. Rep.

There is some conflict of authority on this point, whether the plea of *nul tiel* corporation be good or not.   In this State, previous to the act of 1836, it was holden to be bad, because it amounted to the general issue.   *Carmichael* v. *Trustees of School Lands*, 3 How. 99.   Under the general issue, by the common law, the corporation must give in evidence its charter, and acts of user under it, or it would fail in the action.   3 Wend. 296.   11 Vermont Rep. 302.   14 Johns. 416.   But by our statute of 1836, (H. & H. 595, § 32) this proof is dispensed with, unless the character of the plaintiff, assumed in the declaration, is denied by plea verified by affidavit.   That this act applies to suits brought by corporations has been already decided.   4 How. 262.

The object of the plea in this case was to call in question the

corporate character of the plaintiff, and to require proof of such its character. The plea is in form the ordinary plea of non assumpsit; the affidavit appended to it, sets forth, that the deponent " verily believes the said plaintiff has not been, and is not now, a corporation, according to the law of the land, and has not a right to sue and maintain actions as such." Now the statute directs that the plaintiff shall not be required to prove " the description of character," set forth in the declaration, unless it be denied by plea, and its truth attested by oath. The affidavit and plea meet all the substantial requisitions of the statute, and are entirely sufficient to secure the object—the forcing of the plaintiff to prove its right to the corporate character which it has assumed.

In argument, the plea in question has been treated as a plea of *nul tiel* corporation, but it is, in every particular, a perfect plea of non assumpsit. The form of the affidavit cannot change the character of the plea; no objection has been taken to that, and we believe that both plea and affidavit are good. The demurrer was, therefore, properly overruled.

The next inquiry is, whether it was error in the court to refuse the plaintiff leave to withdraw his demurrer and file a replication, when it was applied for? We have no doubt the leave to amend should have been granted. The application was made in time, even according to the English rules of practice. 1 Tidd, 709–10. Graham's Prac. 761–2. Carrying out the liberal spirit of our statute, which desires to secure a trial in all cases upon the merits, we have gone farther than the English decisions. 'See *Gwin* et al. v. *McCarroll*, MS. *supra*, 351.

But it has been holden with scarcely a single exception, that applications for amendments are addressed to the discretion of the court, and however that discretion may be exercised, it cannot be controlled by a superior tribunal. See 5 How. 538. We regret, in this instance, that permission to amend was not granted; but we cannot, without overturning former decisions on the subject, reverse the judgment because of the refusal.

<em>The judgment will therefore be affirmed.</em>